UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLAN ROTHSTEIN, | Case No. 2:15-CV-1012 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, SHERIFF JOE LOMBARDO, | |
| Defendant(s). | |

Presently before the court is petitioner Allen Rothstein's motion to remand to state court. (Doc. # 12). Respondents Las Vegas Metropolitan Police Department ("LVMPD") and Joe Lombardo filed a response (doc. # 14), and petitioner filed a reply. (Doc. # 15).

**I.   Background**

Respondent LVMPD declined to renew petitioner Rothstein's concealed carry weapons ("CCW") permit based on his status as a convicted felon in Illinois. Rothstein filed a petition for a writ of mandamus in the Nevada district court pursuant to Nevada Revised Statute ("NRS") §§ 34.160 and 202.3663. He seeks a writ compelling LVMPD to renew his license. Respondents subsequently removed the case to this court. (Doc. # 1).

**II.   Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of federal jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court.

**James C. Mahan**
**U.S. District Judge**

*See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566–67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir.1996).

"As a general rule, the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The 'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *HSBC Bank USA, N.A. v. Hazel Frederick et al.*, 2011 U.S. Dist. LEXIS 127966 at *4 (D. Nev. Nov. 3, 2011) (*quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

**III.    Discussion**

Rothstein's petition does not present a federal question. Respondents argue that under *Merrell Dow*, jurisdiction may be found from a complaint if adjudication of a state law claim would turn on a federal constitutional or other important federal question, even where only state law issues have been pled. *See* 478 U.S. at 808. Relying on their assertion that Rothstein's petition is "littered throughout with references to . . . the Second Amendment and . . . 18 U.S.C. § 924," respondents argue that the relief petitioner seeks from denial of his CCW permit application turns on constitutional and other important federal questions. (*See* doc. # 14).

Respondents misunderstand or misrepresent the nature of Rothstein's petition. Rothstein seeks judicial review[1] of LVMPD's denial of his application for a CCW permit under NRS § 202.3657. While the petition does make a passing reference to his right to bear arms under the Second Amendment of the U.S. Constitution, he does not assert any cause of action for violation of that right under any federal statute. Indeed, NRS § 34.160 does not authorize a petitioner to bring such a claim in a petition for writ of mandamus. *See* NEV. REV. STAT. § 34.160.

---

[1] NRS § 202.3663 provides that the exclusive vehicle for judicial review of denial of an application for a CCW permit is the filing of a petition in the district court for the county in which the applicant filed the application. *See* NEV. REV. STAT. § 202.3663.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Respondents argue that Rothstein's discussion of federal gun law under 18 U.S.C. § 921(a)(20) presents a "substantial federal question" under *Merrell Dow*. *See* 478 U.S. at 808. This argument is misplaced. Section 921(a)(20) provides that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

Rothstein's petition offers the text of § 921(a)(20) for two reasons. He contends that the federal statute shows (1) that Nevada law is not consistent with federal law and (2) LVMPD cannot claim that issuance of Rothstein's CCW permit is barred under federal law. (*See* doc. # 1 at 11). Petitioner does not claim that Nevada law violates federal law or ask the court to resolve federal law. Resolution of the petition does not therefore require the court to answer any federal question. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

## IV. Conclusion

Rothstein's petition presents no federal question, and this court finds no other basis on which it may exercise subject matter jurisdiction. Petitioner's motion to remand will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Allen Rothstein's motion for remand to state court (doc. # 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this case be, and the same hereby is, REMANDED to state court due to this court's lack of subject matter jurisdiction.

DATED March 25, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**